# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1009V
Filed: February 17, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| PEDRO DE JESUS, | |
| Petitioner, | Damages Decision Based on Proffer; |
| | Influenza ("Flu") Vaccine; |
| | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH | Administration ("SIRVA"); |
| AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Maximillian Muller, Muller Brazil, LLP, Philadelphia, PA, for petitioner.*
*Justine Walters, U.S. Department of Justice, Washington, DC for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On September 11, 2015, Pedro De Jesus ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that he suffered "shoulder injuries which were caused in fact" by the influenza vaccine he received on November 26, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 5, 2016, the undersigned issued a ruling on entitlement, finding that petitioner was entitled to compensation. On February 17, 2016, respondent filed a proffer on award of compensation ["Proffer"] stating that petitioner should be awarded $75,000.00 for actual and projected pain and suffering and $928.00 for past unreimburseable expenses for a total award of $75,928.00. Proffer at 2-3. According to

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

respondent's Proffer, petitioner agrees to the proposed award of compensation.  *Id.* at 2.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner **a lump sum payment of $75,928.00 in the form of a check payable to petitioner, Pedro De Jesus, representing $75,000.00 for actual and projected pain and suffering and $928.00 for past unreimburseable expenses.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

_____
                                                )
PEDRO DE JESUS,                                 )
                                                )
        Petitioner,                             )
                                                )
v.                                              )    No. 15-1009V
                                                )    Chief Special Master Dorsey
                                                )    ECF
SECRETARY OF HEALTH AND                         )    SPU
HUMAN SERVICES,                                 )
                                                )
        Respondent.                             )
_____)

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On September 11, 2015, petitioner, Pedro De Jesus, filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10 to -34 ("Vaccine Act"), alleging that he developed shoulder injuries as a result of receiving a seasonal influenza ("flu") vaccine on November 26, 2014.  On January 4, 2016, respondent filed her Rule 4(c) Report stating that petitioner's arm injury is consistent with a shoulder injury related to vaccine administration ("SIRVA") and conceding that his SIRVA is compensable under the Vaccine Act. Accordingly, on January 5, 2016, Chief Special Master Dorsey issued a Ruling on Entitlement finding that petitioner is entitled to compensation for SIRVA.

**I.      Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on January 4, 2016.

        A.      Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner will not require future care for his vaccine-related injury.  Therefore, respondent proffers that petitioner should be

awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1). Petitioner agrees.

      B.      Lost Earnings

The parties agree that based upon the evidence of record, petitioner has not incurred and will not incur any loss of earnings as a result of his vaccine injury. Therefore, respondent proffers that petitioner should be awarded no actual or anticipated loss of earnings under 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

      C.      Pain and Suffering

Respondent proffers that petitioner should be awarded $75,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

      D.      Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $928.00. Petitioner agrees.

      E.      Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens against him.

## II.    Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision

and the Court's judgment award the following:[1]

    A.   A lump sum payment of $75,928.00, representing compensation for pain and suffering and past unreimbursable expenses, in the form of a check payable to petitioner.

### III. Summary of Recommended Payment Following Judgment

    A.   Lump sum paid to petitioner: **$75,928.00**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Justine Walters_____
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-6393

DATE: February 16, 2016

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.